UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JED R., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:20-CV-0258-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 19. Attorney Bryant A. Sutton represents Jed R. (Plaintiff); Special Assistant United States Attorney Sarah L. Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income in February 2018, alleging disability since December 1, 2016, due to "diabetes, stroke and heart." Tr. 184, 199. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Glenn G. Meyers held a hearing on November 7, 2019, Tr. 42-93, and issued an unfavorable decision on November 20, 2019, Tr. 27-37. The Appeals Council denied Plaintiff's request for review on May 27, 2020. Tr. 1-6. The ALJ's November 2019 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on July 23, 2020.  ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born on May 26, 1980, Tr. 47, 184, and was 37 years old on the disability application date, February 26, 2018.  He did not complete high school and has not obtained a GED.  Tr. 200.  He has also never obtained a driver's license.  Tr. 47-48.  Plaintiff's disability report indicates he stopped working on June 1, 2011, and believes his condition became severe enough to prevent him from working on December 1, 2016.  Tr. 199.

Plaintiff testified at the administrative hearing on November 7, 2019, that he has difficulty seeing with his right eye and is not able to see with his left eye as a result of complications from diabetes.  Tr. 55, 71.  With respect to his right eye, he had recently undergone cataract surgery (October 13, 2019), and the surgery had improved his vision.  Tr. 51-52.  He stated his vision was completely blurred prior to the surgery, but he was now able to watch television shows and move about without assistance.  Tr. 52-53.  Plaintiff initially testified that, despite cataract surgery, he continued to be unable to read out of his right eye.  Tr. 52, 53.  However, during his later testimony regarding chemical dependency counselling and treatment, he indicated he would read "the big book" three or four times a week for about an hour each time.  Tr. 65-66, 69.

Plaintiff indicated at the hearing he was having gastrointestinal issues, including problems with vomiting and indigestion, Tr. 56, 77-79, and had recently started receiving mental health treatment for depression and anxiety, Tr. 60-61, 63, 70. Plaintiff explained that following a significant late-2016 motor vehicle accident, he experienced two or three strokes and the third stroke caused him to lose the ability to speak.  Tr. 72.  He indicated he is now able to speak normally, but there are times when he struggles.  Tr. 73.  He also stated he is unable to move his left arm much and has a loss of feeling (tingling and numbness) in his left hand.

Tr. 73-74. He has difficulty grasping and lifting with his left arm. Tr. 73-74. Plaintiff testified he also has cellulitis, a painful skin condition, Tr. 74-76, stomach and skin ulcers, Tr. 80, and neuropathy, Tr. 80-81.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant

bears the burden of establishing a prima facie case for disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On November 20, 2019, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 26, 2018, the disability application date. Tr. 29.

At step two, the ALJ determined Plaintiff had the following severe impairments: methamphetamine use disorder, in remission; diabetes mellitus; hypertension; cerebrovascular accident; vision disorders; speech disorder; and congestive heart failure. Tr. 29.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 30.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform sedentary exertional level work with the following limitations: he is capable of engaging in unskilled, repetitive, routine tasks in two-hour increments; he can occasionally reach overhead; he can frequently reach at or below shoulder level; he can frequently handle and finger; he can have no contact with the public, but is capable of working in proximity to, but not in coordination

with, coworkers; he can have occasional contact with supervisors; he can occasionally stoop and crouch; he can never crawl, kneel, or climb ramps, stairs, ropes, ladders, and scaffolds; he can never balance, drive, work at heights, ambulate on uneven surfaces, or work in proximity to hazardous conditions; he can never read print smaller than 12-point font; he will be 13% less productive than the average worker in the workplace; and he will be absent from work one and one-quarter days per month. Tr. 30.

At step four, the ALJ found Plaintiff was not able to perform his past relevant work as a laborer, poultry farms, or laborer, stores. Tr. 36.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of final assembler,[1] table worker and waxer. Tr. 36-37, 85.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 26, 2018, the date the disability application was filed, through the date of the ALJ's decision, November 20, 2019. Tr. 37.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

---

[1]While the ALJ's opinion omits "final assembler" as a stated job the hypothetical individual with Plaintiff's RFC could perform, *see* Tr. 37, the vocational expert specifically identified this job, Tr. 85, and the DOT section cited in the ALJ's decision matches the position of final assembler, *see* Tr. 37 and Dictionary of Occupation Titles, 1993 Edition, 713.687-018, Final Assembler.

Plaintiff raises the following issues for the Court's review: (1) Did the ALJ properly evaluate the medical opinion evidence from the treating, examining and reviewing medical sources?; (2) Did the ALJ fail to properly evaluate the physical and mental conditions affecting Plaintiff by failing to fully and fairly develop the record as required by statute?; (3) Did the Appeals Council commit reversible error by failing to consider Plaintiff's "Exhibit A" protest of the ALJ Hearing Decision before denying Plaintiff's request for review?; and (4) Did the ALJ fail to meet his burden at step five that the determination must be supported by substantial evidence? ECF No. 17 at 8.

## DISCUSSION

**A.     Medical Source Opinion Evidence**

Plaintiff argues the ALJ is required to consider all medical opinions of record and, here, the ALJ erred by considering the medical opinion evidence in a "cherry picked" fashion. ECF No. 17 at 13-16. Defendant responds that Plaintiff has not established error in the ALJ's evaluation of the medical opinion evidence of record. ECF No. 19 at 6-11.

The Court notes at the outset that the relevant time period in this action is from February 26, 2018 (the date the disability application was filed) through November 20, 2019 (the date of the ALJ's determination in this case). Evidence from outside of this period of time can be deemed useful as background information; however, it is irrelevant to the extent that it does not address Plaintiff's medical status during the relevant period at issue in this action. *See Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989) (medical opinions that predate the alleged onset of disability are of limited relevance).

The records of the medical providers specifically cited by Plaintiff in support of his assertion are from 2016 (Lexie Zuver, DO, and Brett Hymas, PA-C), and Plaintiff's other citations to the record (Tr. 345, 421, 456, 312, 343, 370, 438) offer no medical opinion regarding Plaintiff's functioning. ECF No. 17 at 14-16. These

records provide little value to the assessment of Plaintiff's overall functioning during the relevant time period.

The ALJ addressed all medical opinions from the relevant time period in this case and discussed the persuasiveness accorded to each medical professional. Tr. 34-36.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an acceptable medical source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920a(b). The ALJ may explain how she considered the other factors, but the ALJ is not required to except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations as follows:

///

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c).

On June 5, 2018, state agency physical consultant Gordon Hale, M.D., reviewed the record and opined that Plaintiff was capable of performing light exertion level work with visual and environmental limitations. Tr. 100-102.

The ALJ did not find the opinion of Dr. Hale persuasive, noting it was not supported by updated records and inconsistent with greater manipulative, exertional, and social limitations reflected in the record. Tr. 34.

On October 16, 2018, state agency reviewer Merry Alto, M.D., found that Plaintiff could occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk two hours out of an eight-hour workday, and sit for six hours out of an eight-hour workday; and that Plaintiff had vision and environmental limitations. Tr. 112-114.

The ALJ determined the opinion of Dr. Alto was persuasive. Tr. 34. The ALJ indicated Dr. Alto's findings were consistent with the longitudinal record, including largely unremarkable physical examinations with normal neurologic functioning, full strength in his upper and lower extremities and a normal gait, evidence Plaintiff's vision condition had been responsive to treatment, and Plaintiff's noncompliance with treatment suggesting his symptoms were not as severe as alleged. Tr. 34.

///

Plaintiff was examined by Gary Gaffield, DO, on May 24, 2018. Tr. 311-315. Dr. Gaffield opined that Plaintiff was able to walk or stand for four hours out of an eight-hour workday with adequate breaks, had no sitting limitations, could lift and/or carry 20 pounds occasionally, and could lift and/or carry 10 pounds frequently; Plaintiff's manipulative activities were limited to frequent, but he had no postural restrictions; and Plaintiff had environmental limitations and should avoid communicating with others. Tr. 314.

The ALJ found Dr. Gaffield's opinion persuasive as generally consistent with the longitudinal record, Tr. 34-35; however, the ALJ noted the restriction of no communication with others was not supported as Plaintiff displayed the ability to interact appropriately with providers and had unremarkable speech on examination, Tr. 35.

On July 17, 2019, Jo Prophet, A.R.N.P., Plaintiff's primary care provider, completed a Physical Functional Evaluation form. Tr. 506-508. As noted by the ALJ, Nurse Prophet did not identify any functional limitations of Plaintiff stemming from his impairments. Tr. 35. Accordingly, the ALJ did not find the report of Ms. Prophet persuasive.

Finally, on July 22, 2019, a medical eye examination by ophthalmologist was completed by Brian Roth, M.D. Tr. 510-511. Dr. Roth found Plaintiff had 20/200 vision in his right eye and was blind in his left eye, but that Plaintiff should regain some vision in his right eye with cataract surgery. *Id.* The ALJ found the opinion persuasive as supported by the examination and consistent with subsequent evidence showing Plaintiff's vision in his right eye improved following surgery. Tr. 35.

Plaintiff has not specifically challenged the ALJ's consideration of the foregoing medical opinions. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (the Court will not ordinarily consider matters on appeal that were not specifically and distinctly argued in a party's opening brief).

The Court nevertheless finds the ALJ properly assessed the persuasiveness of the relevant medical opinion evidence in this case. The ALJ's findings with respect to the supportability and consistency of the medical opinion evidence is supported. The Court finds the ALJ did not err in his assessment of the medical opinion evidence of record, and the ALJ's RFC determination is supported by substantial evidence and free of legal error.

Although Plaintiff challenges the ALJ's finding that Plaintiff's uncontrolled diabetes was based on noncompliance with treatment, ECF No. 17 at 14, this finding is not only supported by the medical evidence of record, Tr. 311, 327, 332, 367, 375, 436, but also Plaintiff's own testimony at the administrative hearing, Tr. 56, 59-60. In any event, the ALJ concluded Plaintiff's diabetes was severe and, combined with his other impairments, limited Plaintiff to a restricted range of sedentary work.

Plaintiff additionally contests the ALJ's description of Plaintiff's physical examination findings as "largely unremarkable." ECF No. 17 at 16. Again, however, the ALJ's "largely unremarkable" finding is supported by and consistent with the evidence of the record. While, as noted by Plaintiff, there was an occasional reference to general weakness, Tr. 343, examination findings were typically normal, i.e., normal gait, Tr. 275, 278, 285, 291, 313, 424, 458, normal lower extremity function, Tr. 313, 320, 333, 381, 387, 397, and no sensory loss, Tr. 314, 333, 381, 387, 397. As indicated by the ALJ, when examined in May 2018, Plaintiff had no problem moving around the room, 5/5 motor strength in his upper and lower extremities, a normal range of motion throughout his musculoskeletal system, normal neurologic findings, and negative Romberg signs, Tr. 313; when examined in July 2018, Plaintiff had a full range of motion in his upper and lower extremities, was alert and oriented, and had normal speech, Tr. 319; when examined in September 2018, Plaintiff had normal neurologic findings, was alert and oriented, had a normal range of motion, and had a normal gait, Tr. 424; and

when examined in February 2019, he had normal neurologic findings, normal range of motion, and normal gait, Tr. 458. Tr. 32. Contrary to Plaintiff's assertion, the ALJ did not mischaracterize the record.

**B.      Duty to Develop the Record**

Plaintiff contends the ALJ erred by failing to meet his duty to develop the record with respect to Plaintiff's mental health condition. ECF No. 17 at 16-18. Defendant responds that further development was unnecessary as Plaintiff identified no ambiguities or inadequacy in the evidence. ECF No. 19 at 14-15.

It is Plaintiff's duty to prove disability. *See* 20 C.F.R. § 404.1512(a). Although Plaintiff ultimately bears the burden of establishing his disability, the ALJ has an affirmative duty to supplement Plaintiff's medical record, to the extent it is incomplete, before rejecting his claim. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."). However, an ALJ's duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).

Plaintiff indicated at the administrative hearing he had recently (two months prior to the hearing) started receiving mental health treatment for depression and anxiety. Tr. 60-61, 63, 70. Plaintiff did not, however, initially allege a mental condition as a basis for disability in this case. *See* Tr. 199. Moreover, an impairment is considered disabling only if it is expected to result in death or can be expected to last for a continuous period of not less than 12 months. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In any event, Plaintiff testified his mental health symptoms were "a lot better" since entering treatment, Tr. 63, 70, and, as noted by Defendant, ECF No. 19 at 14, the record reflects normal mental status examinations, Tr. 320, 424, 458.

1  The Court finds the record before the ALJ was neither ambiguous nor
2  inadequate to allow for proper evaluation of the evidence.  The ALJ did not err by
3  failing to further develop the record in this case.

**C.     Evidence Before the Appeals Council**

Plaintiff asks that this Court find the Appeals Council erred and committed a due process violation by failing to consider Plaintiff's "Exhibit A" and attached medical note, Tr. 8-20, before denying Plaintiff's request for review.  ECF No. 17 at 18.  Defendant responds that this Court does not have jurisdiction to review the Appeals Council's declination to review the ALJ's decision.  ECF No. 19 at 11-14.

The Social Security Act provides for federal court review of final decisions of the Commissioner.  *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Because an Appeals Council's denial of a request for review of an ALJ's decision is a non-final agency action, this Court lacks jurisdiction to review a decision of the Appeals Council.  *Id.* citing *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).  When the Appeals Council declines review, "the ALJ's decision becomes the final decision of the Commissioner," and that final decision includes the Appeals Council's denial of review and any additional evidence considered by the Appeals Council.  *Brewes*, 682 F.3d at 1161-1162.  This Court reviews that final decision for substantial evidence.

Therefore, this Court does not have jurisdiction to review the Appeals Council's decision to deny Plaintiff's request for review.  Furthermore, since Plaintiff's brief and treatment note have been made part of the administrative record at Tr. 8-20, and these materials[2] are considered by this Court as part of its

---

[2] The Court has reviewed "Exhibit A" and the progress note from August 2019 by Richard Hourigan, M.D., Tr. 8-20, and finds these materials do not demonstrate Plaintiff has greater limitations than those assessed by the ALJ in this case.

ORDER GRANTING DEFENDANT'S MOTION . . . - 12

review and determination as to whether the ALJ's decision was supported by substantial evidence, Plaintiff has failed to identify a due process violation.

**D. Step Five**

Plaintiff contends the ALJ erred at Step Five because the vocational expert's testimony upon which the ALJ relied does not actually capture Plaintiff's limitations. ECF No. 17 at 18-19. Defendant responds that the ALJ's conclusion that Plaintiff was capable of performing a significant number of jobs in the national economy at Step Five is supported by substantial evidence. ECF No. 19 at 15-17.

At Step Five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995)). The Commissioner considers the claimant's RFC, age, education, and work experience in order to determine if the claimant is able to perform a job in the national economy. 20 C.F.R. § 416.920(a). The ALJ may also rely on the testimony of a vocational expert for information on what occupations a claimant can perform given his or her RFC. 20 C.F.R. § 416.966(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

Plaintiff asserts the ALJ erred by fine tuning Plaintiff's absenteeism and loss of production limitations to be precisely within the bounds of employability. ECF No. 17 at 19-20. However, Plaintiff has not identified a specific contradiction with the ALJ's assessment of Plaintiff's absenteeism and loss of production limitations. Moreover, although there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion, the ALJ's findings that Plaintiff would be 13% less productive than the average worker and would be absent from work one and one-quarter days per month provides for greater limitations than assessed by any medical professional of record. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (the ALJ

is responsible for translating and incorporating clinical findings into a succinct RFC); *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

Plaintiff has not demonstrated that the ALJ erred with respect to his analysis of the medical opinion evidence of record or that the ALJ's RFC determination lacks support. The Court finds the ALJ's RFC determination is supported by substantial evidence in this case.

At the administrative hearing, the vocational expert testified that with the RFC assessed by the ALJ, Plaintiff retained the capacity to perform a significant number of jobs existing in the national economy, including the positions of final assembler, table worker, and waxer. Tr. 82-83, 85, 88. Since the vocational expert's testimony was based on a properly supported RFC determination by the ALJ, the Court finds the ALJ did not err at step five of the sequential evaluation process in this case.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of error. Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED June 28, 2021.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE